UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEROY J. DORSEY,

                Plaintiff,

      -against-

WARDEN MARK MILLER, et al.,

                Defendants.

25-CV-7673 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated at Green Haven Correctional Facility, brings this action *pro se*. Plaintiff asks to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The "three strikes" statute, 28 U.S.C. § 1915(g), provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

    Plaintiff has brought at least three prior actions or appeals that were dismissed on strike grounds, and he is barred, under Section 1915(g), from filing any new action IFP while he is a prisoner. *See Dorsey v. Lavalle*, No. 12-CV-1162 (N.D.N.Y. Oct. 23, 2012); *Dorsey v. Martuscello*, No. 7:23-CV-9140 (PMH) (S.D.N.Y. Dec. 1, 2023).[1]

    Plaintiff has filed this new action seeking IFP status, but his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff alleges that his property

---

[1] Plaintiff brought three prior civil appeals as a prisoner that were dismissed as frivolous. *See Dorsey v. Cuomo*, No. 12-2758 (2d Cir. Nov. 6, 2010) ("'[T]he appeal is DISMISSED because it lacks an arguable basis in law or fact.' *See* 28 U.S.C. § 1915(e); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)"); *Dorsey v. Supt.*, No. 12-3255 (2d Cir. Jan. 22, 2013) (same); *Dorsey v. Ingerson*, No. 14-4366 (2d Cir. Mar. 4, 2015) (same).

[1] An imminent danger must "exist[t] at the time the complaint is filed." *Malik v.*

was taken.² Because this action does not concern an imminent danger of serious physical injury, Section 1915(g) bars Plaintiff from filing this action IFP.³

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under 28 U.S.C. § 1915(g).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  September 19, 2025
  New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

*McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

   ² Section 9 of the Court of Claims Act allows state prisoners to seek compensation for wrongfully confiscated property. N.Y. CTC § 9.

   ³ Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).